| | |
|---|---|
| NIKKI L. NITZ | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| AERIAL BUCK ISLAND, LLC, and | ) |
| AERIAL INVESTMENTS, INC., | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Through her undersigned counsel of record, Plaintiff Nikki L. Nitz ("Plaintiff") files this Complaint seeking recovery from Defendants Aerial Buck Island, LLC ("ABI") and Aerial Investments, Inc. ("AII," and together with ABI, "Aerial" or "Defendants"), and states that:

## INTRODUCTION

1.      Plaintiff brings this cause of action against Defendants for their failure to pay certain sums that are due and owing pursuant to two promissory notes the parties entered into in September 2022.  Namely, ABI solicited an investment of $2,000,000 from Plaintiff to fund ABI's business development operations and, based on ABI's representations regarding its intended use of such funds and its promise to make annual ten percent (10%) interest payments on the loaned sum, Plaintiff agreed to lend ABI that amount.  The parties memorialized their lending agreement through two promissory notes, related guaranties, and other documents.  In the two years following the parties' agreement, ABI satisfied its obligation to pay Plaintiff annual interest at ten percent (10%) of the loaned amount, i.e., $200,000, pursuant to the promissory notes.  However, in September 2025, ABI failed to make the required annual interest payments.  Consistent with the terms of the promissory notes and guaranties, Plaintiff provided notice to ABI that its failure to

make the annual interest payments violated the promissory notes' terms and requested that it cure this deficiency forthwith. Despite being provided with ample opportunity to cure its nonpayment, ABI failed – or refused – to remit the $200,000 annual interest payment to Plaintiff within the curative period defined in the promissory notes. Accordingly, Plaintiff declared that ABI had defaulted on the promissory notes and, in accordance with their terms, accelerated ABI's repayment obligations to require that it immediately repay the loaned principal plus all accrued interest. ABI, again, failed to satisfy its contractual obligations as demanded, and AII, as guarantor for both promissory notes, likewise failed to make any payment to Plaintiff. Therefore, Plaintiff files this action to enforce her rights under the promissory notes and recover all sums that are due and owing to her, including, without limitation, her $2,000,000 principal loan to ABI and all interest accrued thereupon.

## PARTIES AND RELEVANT NON-PARTIES

2. Plaintiff is an individual who maintains a permanent domicile in Bandera, Texas.

3. Defendant ABI is a limited liability company organized under the laws of the State of Delaware that, upon information and belief, maintains a principal office at 4235 Hillsboro Pike, Suite 300, Nashville, Tennessee 37215. Upon information and belief, its sole member, Britnie Turner, is an individual who maintains a permanent domicile in Nashville, Tennessee. ABI may be served at 4235 Hillsboro Pike, Suite 300, Nashville, Tennessee 37215 or 1111B S. Governors Avenue, Dover, Delaware 19804.

4. Defendant AII is a Tennessee corporation that maintains a principal office at 4235 Hillsboro Pike, Suite 300, Nashville, Tennessee 37215. AII may be served upon its registered agent, Aerial Development Group, LLC, at 4235 Hillsboro Pike, Suite 300, Nashville, Tennessee 37215.

5. Non-party Britnie Turner ("Turner") is an individual who, upon information and belief, maintains a permanent domicile in Nashville, Tennessee and, upon information and belief, is the principal member and majority shareholder of Defendants ABI and AII.

**<u>JURISDICTION AND VENUE</u>**

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. In addition, this Court has subject matter jurisdiction over this matter pursuant to Section 11.3 of the underlying promissory notes and Section 6.7 of the underlying guaranties, both of which provide the parties' consent to the jurisdiction of the state and federal courts within the Middle District Tennessee for any disputes related to or arising from the promissory notes.

8. Defendants are subject to this Court's jurisdiction because of their contacts within the Middle District of Tennessee. These contacts include, without limitation, maintaining principal offices, soliciting Plaintiff's investment in ABI, negotiating and executing the promissory notes and associated guaranties in this district, and failing to remit the requisite annual interest payments from within this district.

9. Venue is proper in this Court because the acts or omissions that are relevant to this lawsuit occurred within this Court's jurisdiction.

**<u>FACTS RELEVANT TO ALL COUNTS</u>**

**A. The Parties Contractual Relationship.**

10. In summer of 2022, ABI, through its principal, Turner, began soliciting an investment from Plaintiff and other potential investors to fund its business development plans and operational costs. ABI further represented to Plaintiff that her investment would be used to fund

further development of a business, entrepreneurship, and wellness retreat located on Buck Island, an island in the British Virgin Islands in the Caribbean region.

11.     Based on ABI's and Turner's representations, Plaintiff believed her investment in ABI would support its further development of business operations that would inure to the benefit of future participants its entrepreneurship, wellness, and development programs, as well as the charitable endeavors that ABI's and Turner's affiliate entities were pursuing.

12.     Based on ABI's and Turner's representations, Plaintiff agreed to lend ABI the principal sum of $2,000,000 (the "Loan") pursuant to two promissory notes that the parties executed on or about September 2, 2022, ("Note 1") and September 20, 2022, ("Note 2," and together, the "Notes"), the terms of which are substantively identical.  Copies of the Notes are attached as **Exhibits A** and **B**.

13.     Under Note 1, Plaintiff loaned $1,500,000 to ABI, which agreed to repay such amount by September 2, 2027, and make ten percent (10%) interest payments on the note by or before the annual anniversary date of Note 1's execution, i.e., by or before September 2nd of each year of the note's term.  (Ex. A, Secs. 1, 2.1, and 4).

14.     Likewise, under Note 2, Plaintiff loaned $500,000 to ABI, which agreed to repay such amount by September 20, 2027, and make ten percent (10%) interest payments on the note by or before the annual anniversary date of Note 2's execution, i.e., by or before September 20th of each year of the note's term.  (Ex. B, Secs. 1, 2.1, and 4).

15.     In sum, as partial consideration under the Notes, ABI agreed to pay $200,000, total, in annual interest to Plaintiff through September 2027 in exchange for her agreement to extend the Loan to ABI.  (Id.)

16. Further, the Notes provide that an "Event of Default" includes, without limitation, the occurrence of any of the following:

> Failure to Pay. [ABI] fails to pay (a) any principal amount of the Loan when due; or (b) interest or any other amount when due and such failure continues for 5 days after written notice to [ABI].

(Exs. A and B, Sec. 6.1).

17. Finally, the Notes require that:

> Upon the occurrence of an Event of Default and at any time thereafter during the continuance of such Event of Default, [Plaintiff] may at its option, by written notice to [ABI] (a) declare the entire principal amount of the Loan, together with all accrued interest thereon and all other amounts payable under the Note[s], immediately due and payable and/or (b) exercise any or all of its rights, powers, or remedies under the Guarant[ies] or applicable law…

(Exs. A and B, Sec. 7).

18. As a condition to Plaintiff's agreement to the Notes, and in further consideration thereof, AII executed guaranties for ABI's obligations under the Notes (respectively, "Guaranty 1," "Guaranty 2," and, together, the "Guaranties"), the terms of which are substantively identical. Copies of the Guaranties are attached as **Exhibits C** and **D**.

19. To be sure, the Guaranties provide, in part, that AII, as "Guarantor":

> [A]bsolutely, unconditionally, and irrevocably guarantees, as primary obligor and not merely as surety, the punctual payment, when due, whether at stated maturity, by acceleration, or otherwise, of all present and future obligations, liabilities, covenants, and agreements required to be observed, performed, or paid by [ABI] under the Note[s] and the Subscription Agreement, whether for principal, interest (including interest accrued after the commencement of any insolvency, bankruptcy or reorganization of [ABI]), costs, expenses, and fees and agrees to pay any and all reasonable costs, fees, and expenses incurred by [Plaintiff] in any way related to the enforcement of protection of [Plaintiff's] rights hereunder (collectively, the "Obligations").

(Exs. C and D, Sec. 1.1) (emphasis in original).

20. Moreover, the Guaranties state, in part, that:

This Guaranty is a guaranty of payment and is absolute. [AII] agrees that [Plaintiff] need not attempt to collect any Obligations from [ABI] or any other collateral to enforce the obligations hereunder.

[AII] guaranties that the Obligations will be paid strictly in accordance with the terms of the Note[s] and the Subscription Agreement, regardless of any law, regulation, or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of [Plaintiff] with respect thereto. The obligations of [AII] under this Guaranty are independent of the Obligations, and a separate action or actions may be brought and prosecuted against [ABI] or any other guarantors, or [ABI] or any other guarantors may be joined in any such action or actions. The liability of [AII] under this Guaranty constitutes a primary obligation and not a contract of surety, and to the extent permitted by law, shall be irrevocable, continuing, absolute, and unconditional.

(Exs. C and D, Sec. 2).

21. Further, AII promised to guarantee "[a]ny change in the time, manner, or place of payment of, or in any other terms of any of the Obligations, or any other amendment or waiver of, or any consent to depart from, the agreements entered into by the parties…" (Exs. C and D, Sec. 2.2).

22. AII also promised that its "Guarant[ies] shall (a) remain in full force and effect until payment and satisfaction in full of all the Obligations; (b) be binding upon Guarantor and its successors and assigns; and (c) inure to the benefit of [Plaintiff] and its successors and permitted assigns..." (Exs. C and D, Sec. 6.4).

23. Finally, the Guaranties provide that AII "shall pay to [Plaintiff], on demand, the amount of any and all reasonable expenses, including, without limitation, attorneys' fees, legal expenses, and brokers' fees, which [ABI] may incur in connection with exercise or enforcement of any of the rights, remedies, or powers of [ABI] hereunder or with respect to any or all of the Obligations." (Exs. C and D, Sec. 6.1).

**B. Defendants Breach the Notes and Guaranties and Fail to Cure.**

24. In September of 2023 and 2024, ABI paid Plaintiff $200,000 in combined due interest pursuant to the Notes' requirements. (*See* Exs. A and B, Secs. 1, 2.1, and 4).

25. Yet, in September 2025, when ABI's interest payments under the Notes became due, it failed to fully satisfy its interest payment obligations. Specifically, ABI failed to make its annual $150,000 interest payment to Plaintiff by September 2, 2025, under Note 1, and it failed to make its annual $50,000 interest payment to Plaintiff by September 20, 2025, under Note 2. (Id.)

26. ABI did, however, pay $50,000 to Plaintiff on September 3, 2025, toward Note 1's annual interest balance. Nevertheless, ABI failed to fully satisfy that interest payment obligation by remitting the full $150,000 in due interest by the deadline (September 2, 2025) or remedy this default within the subsequent five (5) day curative period provided under Section 6.1 of Note 1 (i.e., pay Plaintiff the full $150,000 in interest by September 7, 2025).

27. Additionally, in September 2025, AII took no action to satisfy ABI's interest payment obligations under the Notes when they became due.

28. To that end, and pursuant to Section 11.1 of the Notes and Section 6.3 of the Guaranties, Plaintiff provided notice of ABI's failure to timely make its required interest payments to ABI, via its principal Turner, on September 3rd and 22nd, 2025, respectively (the "Note 1 Demand," "Note 2 Demand," and together, the "Demand Letters"). Copies of the Demand Letters, the terms of which are substantively identical, are attached as **Exhibits E** and **F**.

29. Indeed, in her Note 1 Demand, Plaintiff stated, "[t]his letter is a formal demand letter for the interest payment due on the Promissory Note dated September 2, 2022 between [ABI] and [Plaintiff]." (Ex. E, p. 1). Likewise, in her Note 2 Demand, Plaintiff stated, "[t]his letter is a

formal demand letter for the interest payment due on the Promissory Note dated September 20, 2022 between [ABI] and [Plaintiff]." (Ex. F, p. 1).

30. Plaintiff's Demand Letters also highlighted ABI's payment obligations under Sections 5.1 and 6.1 thereto. (Exs. E and F, p. 1). Finally, the Demand Letters specified that Plaintiff had not received the full amount of due interest under both Notes in September 2025 (i.e., $150,000 under Note 1 and $50,000 under Note 2). (Id.)

31. Then, on October 31, 2025, Plaintiff, through counsel, removed any doubt as to ABI's default on the Notes and AII's default on the Guaranties by transmitting her Notice of Default and Acceleration of Promissory Notes to ABI and AII in accordance with their respective notice terms. A copy of Plaintiff's October 31, 2025, Notice of Default and Acceleration of Promissory Notes to ABI and AII is attached as **Exhibit G** (the "Acceleration Notice").

32. In short, the Acceleration Notice summarized the lending relationship between the parties, as memorialized in the Notes and Guaranties, and noted ABI's and AII's failures to satisfy their interest payment obligations to Plaintiff in September 2025, as summarized in the Demand Letters. (Ex. G., pp. 1-2). The Acceleration Notice further highlighted Section 6 of the Notes, providing that ABI's and AII's failures to make interest payments when due constitute Events of Default and, upon such occurrence, as provided in Sections 6 and 7, the Notes' maturity dates may be accelerated to the date of the event causing default. (Id.)

33. Therefore, and as a direct result of ABI's and AII's failure to perform their respective contractual obligations, Plaintiff declared ABI to be in default under the Notes, exercised her right to accelerate all amounts due and owing to her, and demanded full repayment of all Loan principal and plus all accrued interest from ABI and AII jointly. (Id. at p. 2). To wit, Plaintiff demanded that, within seven dates of receipt, either ABI or AII: (i) remit $1,500,000 plus

all interest accrued under Note 1; (ii) $500,000 plus all interest accrued under Note 2; and (iii) any and all other sums that are due and owing or may become due to Plaintiff. (Id.)

34. ABI failed to satisfy its contractual payment obligations in response to Plaintiff's Demand Letters or the Acceleration Notice, and it made no further payments toward the principal of ABI's Loan or interest accrued under the Notes.

35. Likewise, AII failed to substantively respond to Plaintiff's Demand Letters or the Acceleration Notice, and it made no payments in satisfaction of ABI's payment obligations under the Notes or pursuant to AII's obligations under the Guaranties.

36. Therefore, and consistent with controlling law, ABI has materially breached the express and unambiguous terms of the Notes.

37. Relatedly, and consistent with controlling law, AII has materially breached its express and unambiguous contractual obligations set forth in the Guaranties.

38. As a result, Plaintiff respectfully requests that this Court grant her relief from ABI's and AII's material breaches of their contractual obligations, as well as any other and further relief the Court deems necessary and just.

<u>COUNT I – BREACH OF CONTRACT</u>
**(Note 1 – Plaintiff against ABI)**

39. Plaintiff incorporates the allegations contained in paragraphs 1 through 38.

40. Plaintiff and ABI entered into the valid and enforceable Note 1, pursuant to which ABI agreed to, without limitation, repay Plaintiff's loaned principal of $1,500,000 by or before September 2027, as well as annual interest of $150,000 by or before September 2, 2025.

41. ABI materially breached Note 1 by failing to pay Plaintiff the agreed upon $150,000 interest payment by September 2, 2025, and it has refused to cure its material breaches in response to Plaintiff's Demand Letters and Acceleration Notice requesting that it do so.

42.     As a direct and proximate result of ABI's breaches of Note 1, Plaintiff has suffered damages in an amount to be determined at trial, but in any event is no less than $1,600,000 plus applicable interest that continues to accrue, and reasonable attorneys' fees and legal costs.

**COUNT II – BREACH OF CONTRACT**
**(Note 2 – Plaintiff against ABI)**

43.     Plaintiff incorporates the allegations contained in paragraphs 1 through 42.

44.     Plaintiff and ABI entered into the valid and enforceable Note 2, pursuant to which ABI agreed to, without limitation, repay Plaintiff's loaned principal of $500,000 by or before September 2027, as well as annual interest of $50,000 by or before September 20, 2025.

45.     ABI materially breached Note 2 by failing to pay Plaintiff the agreed upon $50,000 interest payment by September 20, 2025, and it has refused to cure its material breaches in response to Plaintiff's Demand Letters and Acceleration Notice requesting that it do so.

46.     As a direct and proximate result of ABI's breaches of Note 2, Plaintiff has suffered damages in an amount to be determined at trial, but in any event is no less than $550,000 plus applicable interest that continues to accrue, and reasonable attorneys' fees and legal costs.

**COUNT III – BREACH OF CONTRACT**
**(Guaranty 1 – Plaintiff against AII)**

47.     Plaintiff incorporates the allegations contained in paragraphs 1 through 46.

48.     Plaintiff and AII entered into the valid and enforceable Guaranty 1, pursuant to which AII agreed, without limitation, to guarantee ABI's Loan repayment and interest payment obligations under Note 1.  Put differently, AII promised to satisfy ABI's obligations to repay Plaintiff's loaned principal of $1,500,000 under Note 1 by or before September 2027, as well as to make annual interest payments of $150,000 by or before September 2, 2025.

49.     ABI materially breached Note 1 by failing to pay Plaintiff the agreed upon $150,000 interest payment by September 2, 2025, and it has refused to cure its material breaches in response to Plaintiff's demands that it do so.

50.     Likewise, AII materially breached Guaranty 1 by failing to satisfy ABI's interest and principal payment obligations under Note 1, and it has refused to cure its material breaches in response to Plaintiff's Demand Letters and Acceleration Notice requesting that it do so.

51.     AII also breached the implied covenant of good faith and fair dealing inherent in every contract governed by Tennessee law in its failure to timely pay Plaintiff the agreed-upon interest payments on behalf of ABI.

52.     As a direct and proximate result of AII's breaches of Guaranty 1, Plaintiff has suffered damages in an amount to be determined at trial, but in any event is no less than $1,600,000 plus applicable interest that continues to accrue, and reasonable attorneys' fees and legal costs.

## COUNT IV – BREACH OF CONTRACT
### (Guaranty 2 – Plaintiff against AII)

53.     Plaintiff incorporates the allegations contained in paragraphs 1 through 52.

54.     Plaintiff and AII entered into the valid and enforceable Guaranty 2, pursuant to which AII agreed to, without limitation, guarantee ABI's Loan repayment and interest payment obligations under Note 2.  Put differently, AII promised to satisfy ABI's obligations to repay Plaintiff's loaned principal of $500,000 under Note 2 by or before September 2027, as well as to make annual interest payments of $50,000 by or before September 20, 2025.

55.     ABI materially breached Note 2 by failing to pay Plaintiff the agreed upon $50,000 interest payment by September 20, 2025, and it has refused to cure its material breaches in response to Plaintiff's Demand Letters and Acceleration Notice requesting that it do so that it do so.

56. Likewise, AII materially breached Guaranty 2 by failing to satisfy ABI's interest and principal payment obligations under Note 2, and it has refused to cure its material breaches in response to Plaintiff's Demand Letters and Acceleration Notice requesting that it do so.

57. AII also breached the implied covenant of good faith and fair dealing inherent in every contract governed by Tennessee law in its failure to timely pay Plaintiff the agreed-upon interest payments on behalf of ABI.

58. As a direct and proximate result of AII's breaches of Guaranty 1, Plaintiff has suffered damages in an amount to be determined at trial, but in any event is no less than $550,000 plus applicable interest that continues to accrue, and reasonable attorneys' fees and legal costs

## COUNT V – QUANTUM MERUIT
### (Plaintiff against ABI)

59. Plaintiff incorporates the allegations in paragraphs 1 through 58.

60. The $2,000,000 Loan that Plaintiff extended to ABI conferred substantial material and financial benefits upon it.

61. ABI acquiesced in receiving the benefits of Plaintiff's Loan and has unjustly retained the $2,000,000 Loan principal after Plaintiff declared that ABI had failed to satisfy its interest payment obligations and exercised her right to accelerate the full Loan principal and all accrued interest to be immediately due and payable.

62. ABI reasonably understood that it had an obligation to repay Plaintiff's $2,000,000 Loan principal, plus interest, pursuant to the parties' lending agreement.

63. ABI has been unjustly enriched by receiving and unjustly retaining the full amount of Plaintiff's $2,000,000 Loan principal in violation of the parties' lending agreement.

64. Plaintiff is entitled to recover reasonable value for the material and financial benefits she conferred upon ABI in an amount to be determined at trial, but in any event is no less than $2,000,000 plus applicable interest that continues to accrue.

**COUNT V – CONVERSION**
**(Plaintiff against ABI)**

65. Plaintiff incorporates the allegations in paragraphs 1 through 64.

66. ABI took possession of Plaintiff's $2,000,000 Loan principal in or about September 2022, pursuant to the parties' lending agreement.

67. ABI failed to satisfy its obligations to make annual interest payments to Plaintiff, and, as a result, Plaintiff declared that ABI had failed to satisfy its interest payment obligations and exercised her right to accelerate the full Loan principal and all interest due to be immediately due and payable.

68. In response to Plaintiff's demands, ABI failed – or refused – to satisfy its interest and Loan principal payment obligations, and ABI intentionally exercised dominion and control over Plaintiff's $2,000,000 Loan principal by refusing to repay it consistent with the parties' agreement.

69. ABI's actions constitute conversion, entitling Plaintiff to recover the full amount of the misappropriated Loan funds, which is no less than $2,000,000 plus punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Nikki L. Nitz, respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against ABI for breach of Note 1;

b. Enter judgment in favor of Plaintiff and against ABI for breach of Note 2;

c. Enter judgment in favor of Plaintiff and against AII for breach of Guaranty 1;

d. Enter judgment in favor of Plaintiff and against AII for breach of Guaranty 2;

e.  Enter judgment in favor of Plaintiff and against ABI for her *quantum meruit* and conversion claims;

f.  Award Plaintiff damages in an amount to be determined at trial, but in any event, is no less than $2,150,000 plus interest and attorneys' fees and all costs of enforcement, for ABI's and AII's respective breaches of the Notes and Guaranties;

g.  Award Plaintiff damages in an amount to be determined at trial, but in any event, is no less than $2,150,000, plus interest, to compensate Plaintiff for the material and financial benefits it conferred upon ABI via her Loan to it;

h.  Award Plaintiff damages equal to the value that she conferred on ABI, which ABI unjustly retained, which is no less than $2,000,000, plus applicable interest;

i.  Award Plaintiff damages equal to the full amount of funds that ABI converted from her, which is no less than $2,000,000, plus punitive damages;

j.  Award Plaintiff prejudgment interest; and

k.  Grant any other and further relief to which Plaintiff is entitled.

Dated: December 18, 2025              Respectfully submitted,

*/s/ Gabriel B. Ragsdale*_____
M. Thomas McFarland
Gabriel B. Ragsdale
GULLETT SANFORD ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
tmcfarland@gsrm.com
gragsdale@gsrm.com